**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFRED EUGENE SHALLOWHORN, | No. 12-16310 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00305-GBC |
| v. | |
| P.J. GONZALEZ; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gerald B. Cohn, Magistrate Judge, Presiding[**]

Submitted March 12, 2013[***]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

California state prisoner Alfred Eugene Shallowhorn appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Shallowhorn consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Eighth, and Fourteenth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of an action for failure to state a claim under both 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and 28 U.S.C. § 1915(e)(2), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Shallowhorn's retaliation claim because Shallowhorn failed to allege facts sufficient to show that defendants' alleged delay in releasing him from administrative segregation pending a classification review was retaliatory in nature and failed to advance a valid penological goal. *See Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (discussing elements of retaliation claim in the prison context).

The district court properly dismissed Shallowhorn's due process claim because, even assuming that his three-month administrative segregation implicated a protected liberty interest, Shallowhorn failed to allege facts sufficient to show that he was denied the process he was due. *See Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (discussing due process owed to inmate facing disciplinary action that implicates a protected liberty interest). Moreover, there is no constitutional right to a particular grievance process. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners lack constitutional entitlement to a

specific prison grievance system).

The district court properly dismissed Shallowhorn's Eighth Amendment claim because Shallowhorn failed to allege that there was an objectively serious risk of harm to his health related to placement in administrative segregation or that defendants subjectively acted with a sufficiently culpable state of mind in ignoring such a risk. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *see also Norwood v. Vance*, 591 F.3d 1062, 1070 (9th Cir. 2010) (short-term, temporary deprivations of exercise without medical effects are not sufficiently serious to support an Eighth Amendment claim).

**AFFIRMED.**